UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL RUSSELL, | No. 2:18-cv-2096 KJN P |
| Petitioner, | |
| v. | ORDER |
| JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[1]

Review of the petition reveals that petitioner is not challenging the fact or duration of his confinement. Rather, petitioner's first claim states "Medical Care – The Eighth Amendment 'deliberate indifference' and 'reckless disregard' to proper medical diet." (ECF No. 1 at 4.) Petitioner claims he has "brought appeals to exhaust all levels to bring better food, proper delivery system, portion sizes in levels of 2,500 calories, correct cook[ing] temp and prep, medical evaluation for correct foods and blood work and proper control of health." (Id.) Such allegations are more appropriately raised in a civil rights complaint under 42 U.S.C. § 1983.

////

---

[1] In light of this order, the undersigned defers review of the in forma pauperis application.

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under 42 U.S.C. § 1983. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc). "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may re-characterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Id. at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)). However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to construe a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should not recharacterize nature of prisoner's claim because PLRA and AEDPA created "pitfalls of different kinds for prisoners using the wrong vehicle").

Here, petitioner does not name the proper individuals as defendants in the caption of the pleading, and does not provide any factual allegations as to a particular named individual. In addition, he has not included specific facts demonstrating a serious medical need; whether he has been prescribed a medical diet and if so, what kind; or who and how each defendant was deliberately indifferent. Thus, the undersigned finds that the habeas petition is not amenable to conversion to a civil rights complaint.

////

Moreover, because petitioner has filed no other cases in this district, it is unclear whether petitioner is aware that even if he is granted leave to proceed in forma pauperis, he will be required to pay the court's filing fee.[2]  See 28 U.S.C. §§ 1914(a), 1915(a).  Thus, the undersigned must allow petitioner the opportunity to voluntarily dismiss this action or, if he wishes to proceed with a civil rights action, he may file an amended civil rights complaint on the form provided.

If petitioner chooses to file an amended civil rights complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the amended complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As to petitioner's Eighth Amendment medical claim, petitioner is advised of the following standards governing such claims:

To maintain an Eighth Amendment claim based on medical care in prison, a prisoner must show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (quotation marks omitted); see also Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).  The two-part test for deliberate indifference requires the prisoner to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

---

[2] Prisoners in § 1983 actions are required to pay a filing fee of $350.00 plus a $50.00 administrative fee.  If leave to file in forma pauperis is granted, petitioner will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

3

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference entails something more than medical malpractice or even gross negligence. Id. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Petitioner may not change the nature of this suit by alleging new, unrelated claims.[3] See Fed. R. Civ. P. 20(a)(2).

In addition, petitioner is informed that the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original pleading. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once an amended complaint is filed, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original pleading, each claim and the involvement of each defendant must be sufficiently alleged.

---

[3] A prisoner may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a prisoner may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The habeas petition is dismissed with leave to amend;

2. Within thirty days from the date of this order, petitioner shall complete the attached Notice and submit the following documents to the court:

    a. The completed Notice; and

    b. An original and one copy of the Amended Complaint.

The amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in the dismissal of this action.

3. The Clerk of the Court is directed to send petitioner the form for filing a civil rights complaint by a prisoner.

Dated: August 9, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/russ2096.conv

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL RUSSELL,<br><br>   Petitioner,<br><br> v.<br><br>JOE A. LIZARRAGA,<br><br>   Respondent. | No. 2:18-cv-2096 KJN P<br><br><br>ORDER |

  Petitioner submits the following document in compliance with the court's order filed_____.

  _____ Amended Civil Rights Complaint on the court's form

  OR

  _____ Petitioner opts to voluntarily dismiss this action.

DATED:

                _____
                Petitioner

1